## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Robert Mayo,

                                     Case No.:

            Plaintiff,

v.

Ascension Point Recovery Service, LLC,        **COMPLAINT**
                                          **WITH JURY TRIAL DEMAND**

            Defendant.

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt.  Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1.    Plaintiff, Robert Mayo, is a natural person who resides in Cherokee County, Georgia.

2.    Defendant, Ascension Point Recovery Service, LLC, is a limited liability corporation headquartered in Minnesota and does business in Georgia.

3.     At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).  *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). The Court's jurisdiction over the claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., likewise arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over Defendant because Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.  Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because the conduct complained of herein occurred in Cherokee County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.  Plaintiff is the subscriber for the cellular telephone with the number 770-***-0231 (the "Cell Phone").

8.  In or about September, 2015, Plaintiff began receiving calls on his Cell Phone from Defendant for the purposes of collecting a consumer debt.

9.  Defendant's calls to Plaintiff were made from phone number 888-806-9074.

10. Phone number 888-806-9074 is a number that belongs to, is utilized by, or is under the control of Defendant.

11. From September, 2015 through March, 2016, Plaintiff received at least ten (10) similar calls.

12. When he answered calls from Defendant, he heard pauses and/or clicks and a delay at the beginning of the calls.

13. Upon information and belief, Defendant used an autodialer and or predictive dialing equipment to make its calls to Plaintiff.

14. Plaintiff never provided consent for Defendant to call him on his Cell Phone.

15. Defendant's calls to Plaintiff had no emergency purpose.

16. Defendant's calls to Plaintiff were for the purpose of consumer debt collection.

3

17. Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

18. The calls made by the Defendant to Plaintiff's Cell Phone were to collect a consumer debt from a third party unknown to the Plaintiff.

19. Plaintiff carries his cell phone at most times to be accessible to his family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, and work activity.

20. Defendant's repeated calls invaded Plaintiff's privacy.

21. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, the consumption of "minutes" as contemplated in his cellular service plan that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges"), emotional distress in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

22. As a result of Defendant's conduct, Plaintiff experienced aggravation, shortness of temper and irritability that interfered with his professional and personal relationships and.

**TRIAL BY JURY**

23.     Plaintiff is entitled to and hereby requests a trial by jury.

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227**

24.     Plaintiff incorporates by reference paragraphs 1 through 20 as though fully
stated herein.

25.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone
calls to Plaintiff's Cell Phone, without permission or emergency purpose,
and using an autodialer and/or predictive dialing equipment.

26.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii),
Plaintiff is entitled to recover a minimum of $500.00 for each call in
violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27.     Defendant knew that it did not have Plaintiff's consent to receive its calls at
all.  Its repeated calls were, therefore, knowing and/or willful violations of
the TCPA.

28.     Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing
and/or willful violations of the TCPA entitles Plaintiff to triple the amount of

damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*

29.   Plaintiff incorporates by reference paragraphs 1 through 22 as though fully stated herein.

30.   The Defendant advertises itself as a "nationally licensed decedent debt vendor" and its "core competency is managing decedent debt recovery for credit grantors and service providers." www.ascensionpoint.com/about-us/ (Last visited June 14, 2016).

31.   Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

32.   The calls initiated by the Defendant to the Plaintiff were for the purpose of collecting a consumer debt allegedly owed by the Plaintiff but in fact owed by a third party.

33.   Defendant knew or should have known that Plaintiff was not the party it was trying to reach through its numerous telephone calls.

34.   Defendant's conduct violates 15 U.S.C. §§ 1692b(3), 1692c(b), 1692d, and 1692f.

## COUNT III

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(a)

35.   Plaintiff incorporates by reference paragraphs 1 through 22 and 30 through 34 as though fully stated herein.

36.   O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

37.   It was unfair for Defendant to call Plaintiff's Cell Phone repeatedly, without consent, for the purpose of attempting to collect a debt when the Defendant knew or should have known that Plaintiff did not owe a debt to Defendant, its principals, or clients.

38.   It was unfair for Defendant to call Plaintiff's Cell Phone repeatedly when it knew or should have known that Plaintiff was not the debtor it sought and that it was contacting the wrong telephone number in seeking collection.

39.   Defendant's actions have interfered with Plaintiff's daily life in a manner that he did not invite, disclaimed, and could not reasonably escape.

40.   As pled above, Plaintiff was harmed by Defendant's unfair conduct.

41.   Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

42. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's modus operandi for debt collection and is done on a wide scale.

43. Defendant's conduct amounts to an unfair business practice.

44. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

45. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving the Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

46. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

47. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

48. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

49. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Actual damages;

b.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 15th day of June, 2016.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Samantha Tzoberi, Bar No.: 140809
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com
stzoberi@mattberry.com